UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF CARPENTERS
PENSION FUND, CHICAGO REGIONAL COUNCIL
OF CARPENTERS WELFARE FUND, CHICAGO AND
NORTHEAST ILLINOIS REGIONAL COUNCIL OF
CARPENTERS APPRENTICE AND TRAINEE
PROGRAM and LABOR/MANAGEMENT UNION
CARPENTRY COOPERATION PROMOTION FUND,

       Plaintiffs,

 v.

MSM SOLUTIONS, INC., an Illinois corporation,

       Defendant.

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND ("Pension Fund"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND ("Welfare Fund"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trainee Fund"), the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("Labor/Management Fund) and their respective trustees (hereinafter collectively the "Trust Funds"), by their attorney Kevin P. McJessy, complain of Defendant MSM SOLUTIONS, INC. ("Defendant"), an Illinois corporation, as follows.

### SUMMARY OF THIS ACTION

1. The Trust Funds bring this action against the Defendant under ERISA because Defendant failed to pay amounts owed to the Trust Funds pursuant to the Area Agreement and the Trust Agreements for the period January 1, 2015 to June 30, 2017 ("Audit Period") as determined after an audit by the Trust Funds' designated auditor, Legacy Professionals, LLP

("Legacy Professionals"). The Trust Funds seek payment of all unpaid fringe benefit contributions, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

## JURISDICTION

2. This Court has jurisdiction over this matter based on questions arising under §502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and §301 of the Taft-Hartley Act. (29 U.S.C. §§ 1132 and 185).

## VENUE

3. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans which are located in and administered in Chicago, Illinois.

## THE PARTIES

4. **The Trust Funds.** The Trust Funds receive contributions from numerous employers pursuant to the Area Agreement ("Area Agreement") between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters (hereinafter referred to as the "Union") and therefore are multi-employer plans. (29 U.S.C. §1002).

5. The Trust Funds collect contributions on their own behalf and on behalf of related funds which have charged the Trust Funds with the obligation to collect contributions.

6. The Trust Funds then use the contributions to provide medical, pension, training and other benefits to Union carpenters and other persons.

7. **Defendant.** Defendant is an Illinois corporation engaged in an industry affecting commerce.

8. Defendant signed a Memorandum of Agreement ("Agreement") with the Union on February 1, 2004 and reaffirmed its agreement with the Union by signing another Memorandum of Agreement on February 1, 2015.

9. Pursuant to the Agreement, Defendant agreed to be bound by the Area Agreements, by the terms of the trust agreements establishing each of the Trust Funds, and by the rules and regulations adopted by the Trustees of each of the Trust Funds.

10. The Agreement, the Area Agreements, the trust agreements and the rules and regulations adopted by the Trustees of each of the Trust Funds are hereinafter collectively referred to as "Agreements."

## GENERAL ALLEGATIONS

11. The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to maintain books and records sufficient for the Trust Funds or their designees to determine whether Defendant has accurately reported and paid contributions it owes to the Trust Funds.

12. The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to produce such books and records to the Trust Funds or their designees so that the Trust Funds or their designees can determine whether Defendant has accurately reported and paid contributions Defendant owes to the Trust Funds.

13. The Agreements require Defendant to contribute to the Trust Funds for each hour worked by Defendant's employees performing jurisdictional work.

14. The Agreements prohibit the employer from subcontracting jurisdictional work to nonunion subcontractors for work performed at a jobsite.

15. The Area Agreement provides that if Defendant subcontracts jurisdictional work to a subcontractor who is not signatory to the Area Agreement, then Defendant shall require the subcontractor to be bound by the terms of the Area Agreement or Defendant shall maintain daily records of the subcontractor's employees and pay contributions to the Trust Funds for the hours worked by the subcontractor's employees.

16. At the Trust Funds' direction on or about June 20, 2017, the independent auditing firm Legacy Professionals initiated an audit of Defendant's books and records for the Audit Period. The company produced its records at the office of its accountant, who was the company's designated contact for purposes of the audit.

17. Legacy completed its audit of Defendant's books and records for the Audit Period and concluded that Defendant owes fringe benefit contributions in excess of $900,000.00. The Trust Funds forwarded the audit to Defendant on or about March 12, 2018 with a demand to either pay the audit or to produce documents showing that the audit is not accurate. Thereafter, the Trust Funds followed up with either Defendant or Defendant's designated contact person, its accountant, by phone or correspondence or both on at least the following dates: March 28, 2018, April 20, 2018, May 2, 2018, May 7, 2018, June 6, 2018, September 14, 2018, October 2, 2018, October 3, 2018, and October 4, 2018. Defendant, through its accountant, produced some records in response to the audit; but, there remains an amount owed by Defendant in excess of $900,000.00 and Defendant has failed to produce additional documents to show that the amount is not owed. The Trust Funds demanded that Defendant pay the amount due but Defendant failed to pay the amount due.

## COUNT I

18. The Pension Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

19. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all amounts owed to the Pension Fund for the Audit Period and/or by failing to produce all books and records requested by Legacy Professionals and the Trust Funds as necessary to complete an audit of Defendant's fringe benefit contributions.

4

20. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

21. The Pension Fund has complied with all conditions precedent in bringing this suit.

22. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund and/or to compel production of all books and records necessary for an audit.

23. Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

24. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

25. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a) interest on any unpaid contributions; or

    (b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in its favor which orders Defendant:

    A. to pay any and all contribution amounts the Defendant owes the Pension Fund or which the Pension Fund is responsible for collecting or authorized to collect under the Agreements;

    B. to pay interest on the amount that is due;

    C. to pay interest or liquidated damages on the amount that is due;

    D. to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action;

    E. to pay auditors' fees incurred to establish the amount due; and

  F. to award the Pension Fund such other and further relief as the Court deems just and equitable.

## **COUNT II**

  26. The Welfare Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

  27. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all amounts owed to the Welfare Fund for the Audit Period and/or by failing to produce all books and records requested by Legacy Professionals and the Trust Funds as necessary to complete an audit of Defendant's fringe benefit contributions.

  28. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

  29. The Welfare Fund has complied with all conditions precedent in bringing this suit.

  30. The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund and/or to compel production of all books and records necessary for an audit.

  31. Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

  32. This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

  33. This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

  (a) interest on any unpaid contributions; or

    (b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendant:

    A.    to pay any and all contribution amounts the Defendant owes the Welfare Fund or which the Welfare Fund is responsible for collecting or authorized to collect under the Agreements;

    B.    to pay interest on the amount that is due;

    C.    to pay interest or liquidated damages on the amount that is due;

    D.    to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action;

    E.    to pay auditors' fees incurred to establish the amount due; and

    F.    to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## **COUNT III**

34.    The Trainee Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

35.    Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all amounts owed to the Trainee Fund for the Audit Period and/or by failing to produce all books and records requested by Legacy Professionals and the Trust Funds as necessary to complete an audit of Defendant's fringe benefit contributions.

36.    The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

37.    The Trainee Fund has complied with all conditions precedent in bringing this suit.

7

38. The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund and/or to compel production of all books and records necessary for an audit.

39. Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

40. This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

41. This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

A. to pay any and all contribution amounts the Defendant owes the Trainee Fund or which the Trainee Fund is responsible for collecting or authorized to collect under the Agreements

B. to pay interest on the amount that is due;

C. to pay interest or liquidated damages on the amount that is due;

D. to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action;

E. to pay auditors' fees incurred to establish the amount due; and

F. to award the Trainee Fund such other and further relief as the Court deems just and equitable.

8

## COUNT IV

42. The Labor/Management Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

43. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all amounts owed to the Labor/Management Fund for the Audit Period and/or by failing to produce all books and records requested by Legacy Professionals and the Trust Funds as necessary to complete an audit of Defendant's fringe benefit contributions.

44. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

45. The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

46. The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund and/or to compel production of all books and records necessary for an audit..

47. Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

48. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

49. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

    (a)    interest on any unpaid contributions; or

    (b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendant:

A. to pay any and all contribution amounts the Defendant owes the Labor/Management Fund or which the Labor/Management Fund is responsible for collecting or authorized to collect under the Agreements;

B. to pay interest on the amount that is due;

C. to pay interest or liquidated damages on the amount that is due;

D. to pay the reasonable attorneys' fees and costs the Labor/Management Fund incurred in this action;

E. to pay auditors' fees incurred to establish the amount due; and

F. to award the Labor/Management Fund such other and further relief as the Court deems just and equitable.

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND *et al.*

By: s/ Kevin P. McJessy
      One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com